42   689
109   296
42   689
131   100

PEED v. McKEE ET AL.

1. **Mortgage**: CONSIDERATION: COMPOUNDING FELONY. Where a mortgage was executed upon the consideration that the son of the grantor, who was then under arrest for embezzlement, should not be prosecuted, it was *held* that the mortgage was based upon an illegal consideration, and therefore, void.

*Appeal from Jasper District Court.*

THURSDAY, APRIL 6.

ACTION to foreclose a mortgage executed by John and Jane McKee to secure certain promissory notes made by R. A. McKee. The petition, in addition to the foreclosure of the mortgage, asks judgment against the maker of the notes. A decree was entered dismissing the petition as to John and Jane McKee, and granting the relief asked against the other deffendant. Plaintiff appeals.

*James Embree* and *McHenry & Bowen*, for appellant.

*S. N. Lindley* and *Howe & Campbell*, for appellees.

BECK, J.—The answer of the mortgagors, John and Jane McKee, shows that they were sureties upon the notes secured by the mortgage, and the only consideration thereof was the compounding of a felony of which their co-defendant and son, R. A. McKee, had been guilty in embezzling a large sum of money; that plaintiff had full knowledge of the crime, and for the protection of Stewart Goodrell, late United States Pension Agent, for whom plaintiff was acting as clerk, against loss on account of such embezzlement, the notes were executed under an agreement to compound and settle the crime, and in consideration thereof; and that defendants were induced to execute the mortgage in suit, which covers their homestead, in consideration that their son and co-defendant should be relieved from all prosecutions on account of the crime of which he was charged, which was promised them by plaintiff,

and held out as an inducement for the execution of the mortgage.

In our opinion the evidence before us sustains this defense. There is conflict upon this point of the case between the evidence of the witnesses of the respective parties, but in our judgment the fair preponderance is upon the side of defendants. There can be no doubt, we think, that defendants executed the mortgage for the purpose, and no other, of relieving their son from prosecution on account of his crime, and that the inducements in the nature of agreements and promises that he should not be prosecuted, led them to believe that he would be discharged from arrest under which he was then held, and no future steps would be taken to bring him to justice. We are well satisfied that plaintiff, the agent of Goodrell, who was the sufferer by the crime, if not a direct party to these agreements and promises, had full notice that they were made and that they were used as an inducement influencing defendants to execute the mortgage. Indeed the preponderance of the evidence is to the effect that he authorized the agreement to be made and sanctioned it after it was entered into.

*1. MORTGAGE: consideration: compounding felony.*

The offense charged against defendant's son is and was at the time a felony. Rev., § 4244. The compounding of crimes of this character was punishable as a misdemeanor. Rev., § 4287. The promises and agreement under which defendants executed the mortgage were, therefore, in violation of law, and the instrument sued on, being based upon such promises, and a part of the unlawful agreement, will not be enforced in an action thereon, but will be held void. This conclusion is based upon doctrines too familiar to require the citation of authorities in their support.

In our opinion, therefore, the court below correctly ruled in holding that plaintiff could not recover upon the mortgage, and the decree dismissing the petition as against John and Jane McKee must be affirmed. No question arises in this court in regard to the judgment rendered on the note against R. A. McKee, as he does not appeal therefrom.

AFFIRMED.