BEAL & DOYLE DRY GOODS COMPANY *v.* BARTON.

Opinion delivered October 22, 1906.

1. AMENDMENT—DISCRETION OF COURT.—Where the only matter alleged in the complaint and denied in the answer was an immaterial one, it was within the court's discretion, after the testimony was closed, to permit defendants to withdraw such denial, in order to give them the right to open and conclude the argument.   (Page 330.)

2. NOTE—PARTIAL INVALIDITY OF CONSIDERATION.—Where part of the consideration of a note was the compounding of a felony, the fact that a legal consideration also entered into it would not help the transaction. (Page 331.)

3. INSTRUCTION—WHEN PROPERLY REFUSED.—Where two causes of action were tried together, an instruction which might have been correct if confined to one of the causes but not to the other was properly refused if it was broad enough to apply to both causes.   (Page 331.)

4. ATTORNEY AND CLIENT—WHEN ATTORNEY'S ACTS BINDING.—Where an attorney was employed by creditors to procure from the debtors' father a note obligating him to pay his sons' debts, the acts of such attorney in reference thereto were binding on the creditors, though he was also employed by the father to protect his sons.   (Page 331.)

5. NOTE—ILLEGAL CONSIDERATION—EFFECT.—A note or agreement whose consideration is the prevention or dismissal of a criminal prosecution is void, whether the prosecution has been begun or not, and even though the amount represents a debt due the payee.   (Page 332.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

STATEMENT BY THE COURT.

W. P. Barton, of Antoine, was the father of three sons, Clib Barton, W. P. Barton, Jr., and Ross Barton, who were doing business at Antoine under the firm name of Barton Brothers. A petition in involuntary bankruptcy was filed against Barton Brothers, growing out of the robbery of their safe of the sum of $7,000 or $8,000. It became rumored in the community where they lived that these men had robbed themselves, and it was a matter under investigation by their creditors and common talk in the vicinity. W. P. Barton, the father, executed severally an obligation to Beal & Doyle Dry Goods Company and the Nevada County Bank, who were the principal creditors, as follows:

"Antoine, Arkansas, Dec. 5, 1902.

"On or before December 1, 1903, for value received, and for the purpose of helping my sons out of their financial trouble, I promise to pay to the Nevada County Bank, of Prescott, Arkansas, all such sums and balances they may be due said bank after their estate as partners is wound up in bankruptcy; that is, whatever *pro rata* the bank receives lacks of paying it in full, I hereby promise to pay for the consideration above named.

"W. P. BARTON."

W. P. Barton died, and the appellee qualified as executrix. These were suits to enforce the difference between the amount received from the bankruptcy and the amount of the debts due to these respective creditors. They were consolidated and tried as one suit.

There was testimony tending to prove that W. P. Barton employed C. C. Hamby and another lawyer to look after the interests of his sons in regard to the prospective criminal prosecution, and there was testimony tending to prove that the said Hamby was also employed, and received compensation therefor, by appellants to induce W. P. Barton to execute an agreement similar to the one in suit.

There was testimony to prove that Hamby represented to Mr. Barton that highly incriminating testimony had been secured against his sons, that appellants were the principal creditors, and if he executed an obligation to them they would not prosecute his

sons, and efforts to connect them with the robbery of their safe would cease.

The following instructions were given, among others, by the court:

"2. Any agreement that tends to stop or prevent a criminal prosecution, and thereby to interfere with the course of justice, is void; whether within the terms of the statute or not is against public policy and is void. And in this case, if the jury find from the evidence that the obligations sued on were signed under the agreement that the plaintiffs would not prosecute the maker's sons for the violation of the criminal statutes, State or Federal, then and in that event their verdict should be for the defendant.

"3. You are instructed that, although you may believe from the evidence that the Barton Brothers were not guilty of any offense for which they could be punished criminally, either under the Federal or State statutes, and that the Nevada County Bank and Beal & Doyle Dry Goods Company did not intend to prosecute them criminally; yet, if you find that C. C. Hamby, acting either as attorney or agent of the Nevada County Bank and Beal & Doyle Dry Goods Company, represented to W. P. Barton, Sr., that if he signed the obligations sued on his sons, the Barton Brothers, would not be prosecuted criminally, but if he did not sign the said obligations they would be criminally prosecuted, and you believe this was the consideration moving W. P. Barton, Sr., in the execution of said instruments, then in that event the said obligations are void, and your verdict should be for the defendant.

"4. If the jury find from the evidence that C. C. Hamby was the attorney or agent for the plaintiffs in these cases, then and in that event the plaintiffs will be bound by all the statements made by said Hamby at the time that said W. P. Barton, Sr., signed said obligations."

There was a judgment in favor of the defendant executrix, and the creditors bring the case here.

*McRae & Tompkins, J. M. Moore, W. B. Smith* and *J. M. Moore, Jr.,* for appellant.

1. It was error to permit the defendant to amend her an-

swer and to allow her to open and close the argument.    58 Ark.
556.

2.    If the note sued on was executed under an agreement
that Beal & Doyle Dry Goods Company would purchase the
stock at public sale, and resell the goods to W. P. Barton upon
such terms as would enable him to make a profit thereon, this was
a valid consideration, and it was error to refuse an instruction to
that effect.

3.    The court erred in modifying the fifth instruction asked
by plaintiffs and in giving it as modified.

4.    The court erred in giving the seventh and eighth instruc-
tions asked by plaintiffs.

*Hardage & Wilson* and *John H. Crawford,* for appellee.

1.    The party having the burden of proof under the state of
the case at the time argument is to begin is entitled to open and
close the argument.    32 Ark. 470; 57 Ark. 137; Kirby's Digest,
§ 6196, subdivs. 3 and 6.

2.    On the question of want of consideration, see 7 Fed.
Cas. 680; 83 Ala. 132; 9 N. W. 569; 20 Atl. 1016; 18 Am. Dec.
79, 86, and note; 12 Ia. 512; 4 Md. 476; 60 Md. 436; 20 Mass.
207; 36 Mass. 429; 20 Am. Rep. 399, and note.    A promissory
note given to procure the dismissal of a criminal prosecution is
contrary to public policy and void.    51 Ark. 519; 67 Ark. 480;
10 Am. Rep. 631; 22 Am. Rep. 117; 24 Am. Rep. 463; 29 Am.
Dec. 612, and note; 31 *Ib.* 599; 22 *Ib.* 478; 6 *Ib.* 566; 32 *Ib.*
448; 34 *Ib.* 712; 45 N. W. 912; 4 Ohio, 400; 13 S. W. 537; 35
Ark. 279; 76 Am. Rep. 243; 22 S. E. 748; 48 Ga. 358; 51 Ill.
234; 17 Ill. App. 434.    A note executed by a father, induced
thereto by threats of prosecution and imprisonment of his sons, is
voidable because of duress in procuring its execution.    14 R. I.
618; 41 Am. Rep. 188, and note; 40 *Ib.* 31; 26 L. R. A. 48, and
note; 13 N. E. 741; 41 N. W. 730; 30 Hun (N. Y.), 237; 45
L. R. A. 407.

HILL, C. J., (after stating the facts) . The first question
discussed is the alleged error of the court in permitting an
amendment of the pleadings after the evidence was in, so as to
give the appellee the opening and closing argument before the
jury.    The appellee had denied in her answer that the estate of

Barton Brothers in bankruptcy was wound up. The other defenses were of no consideration, duress and compounding of a felony, matters which would cast the burden of proof upon the defendant. The only issue that cast the burden of proof upon the plaintiffs was the denial that the bankruptcy proceeding was terminated, so as to bring to maturity the obligation.

At the close of the testimony, after the appellants (plaintiffs) had made the proof to sustain their allegation to that effect, the appellee asked the court for leave to amend her pleadings by striking out the denial of that fact, in order to give them the opening and conclusion. The court permitted this, and that action is assigned as error. In *Excelsior Manufacturing Co.* v. *Owens*, 58 Ark. 556, almost exactly the same situation was presented. In that case the court refused to allow the amendment and refused to give the opening and conclusion to the party seeking to amend his pleadings at that time, saying that the proof had already been made and the concession amounted to nothing. The amendment of pleadings was a matter within the sound judicial discretion of the court, and the court's action will not be reversed unless there is an arbitrary abuse of such discretion. Section 6190 of Kirby's Digest fixes that the opening and conclusion of the argument shall be given to the party upon whom the burden of proof rests under the pleadings; hence the opening and conclusion is a matter to be determined by the pleadings in the case. In the Owens case this court affirmed the judgment, thereby declining to reverse the circuit judge for his refusal to permit an amendment to the pleadings which shifted the burden of proof; and in this case the court must also decline to reverse for permitting the amendment, because it was a matter within the discretion of the court, and it is not apparent that there was any abuse of that discretion. Here the real issue of the case was not as to the winding up of the bankruptcy proceedings and the maturing of the note, but was whether or not the consideration for the note was the securing immunity from prosecution of W. P. Barton's sons. The court evidently considered it better for the burden of proof to rest where it really was upon the whole case, and not upon an insignificant phase of the case. At any rate this court is unable to see any abuse of discretion in permitting the amendment.

The next error assigned is the refusal to give an instruction that, if the obligation sued upon was executed for the consideration that Beal & Doyle Dry Goods Company would purchase the stock of Barton Brothers when sold at public sale and re-sell the same to W. P. Barton upon easy terms, this would be a valid consideration, and the finding should be for the plaintiffs. There was very little evidence to support an instruction along this line, and the most that can be said is that Mr. Beal, of Beal & Doyle Dry Goods Company, stated to Mr. Hamby that, if the arrangement was made by which W. P. Barton guarantied the debt of his sons, he would make this purchase and sell the goods back to W. P. Barton; but that was all contingent upon the execution of the guaranty of the sons' debt. If, in fact, the guaranty was made to suppress the prosecution, the fact that a legal consideration also entered into it would not help it.

There is another reason why the instruction should not have been given. This was a trial, by agreement, of the two suits in one, and this would have made the action of Mr. Beal, which would doubtless have been binding upon his corporation, also bind the bank, and there is no evidence that the bank was in any way connected with any such proffer, and this instruction does not discriminate between the two.

The next point urged is that there was error in modifying an instruction which stated that if, at the time of the execution of the obligation in question, a trustee of the estate of Barton Brothers had not been elected, and Barton Brothers had not made, and at that time were not required to make, any schedule of their assets, they had committed no offense under the bankrupt act. The change made by the court was merely by adding the words "and delivery" after the word "execution," and making the instruction read that this condition was to exist at the time of the execution and delivery of the obligation, which was a different point in the sequence of events. This is wholly unimportant in this case, because it does not make any difference whether the sons had or had not been guilty of a crime under the bankruptcy law when the agreement was executed. This matter will be discussed in another connection.

The next error assigned was the refusal to give several instructions giving weight to the fact that Hamby represented W.

P. Barton, as well as the appellants. If, as a matter of fact, Hamby was employed by the appellants to secure the obligation in question from Mr. Barton, and in the course of that employment made representations to Mr. Barton concerning the prosecution of his sons which induced him to make the obligation in question, of course, these representations are binding upon his employers, these appellants, and that fact is not changed by the further fact that Hamby was also employed by Mr. Barton to represent and protect his sons. It should not have changed the effect of representation that appellant's attorney, who induced Mr. Barton to make this contract, was also his own attorney in the matter referred to; and probably the relation gave added weight to his counsel when he carried what he says were appellant's messages and assurances. The court was right in refusing these instructions.

If the instructions numbered 2, 3 and 4 were correct, then there can be no doubt of the correctness of the verdict herein. The evidence fully justified the jury in finding the state of facts which, under those instructions, would authorize a verdict.

It is not necessary for a party to be under arrest and actually in the course of being prosecuted in order to enable a party who secures the dismissal or termination of the prosecution, for a monied consideration, to plead the illegality of such consideration in bar of its collection. Mr. Beach says: "A contract, the consideration of which, in whole or in part, is the suppression of a criminal prosecution, is without any legal efficacy, either as a cause of action or as a defense to an action not founded on or arising out of the agreement." 2 Beach on Modern Contracts, § 1551.

Contracts to suppress evidence or in any way interfere with the course of justice, whether within the terms of any statute or not, are against public policy and void. See note on page 121, *Henderson* v. *Palmer*, 22 Am. Rep. 117; *Peed* v. *McKee*, 42 Ia. 689. A note or agreement where the consideration is the prevention or dismissal of a prosecution is void, even though the amount represents a debt due the payee. *Rogers* v. *Blythe*, 51 Ark. 519; *Kirkland* v. *Benjamin*, 67 Ark. 480.

*Smith* v. *Steely*, 80 Ia. 738, is strikingly in point. It was a case of parents mortgaging property to protect a son from prose-

cution for embezzlement. The court said: "We need not enquire into the soundness of the position of Rees & Co's. counsel to the effect that, to support the defense set up by Steely and wife, it must be shown that the son had in fact embezzled, as charged by Rees, for the reason that there can be no compounding of a felony unless a felony has been committed. We think, to support Steely's defense, it is not necessary to prove that the son was guilty of embezzlement. Whether he was or not the result would be the same. If he was guilty, it must be conceded that Rees & Co. under the facts were guilty of compounding a felony, and the notes and mortgages are therefore void, as being made in the commission of an offense. If he was not guilty, they were without consideration, for the reason above stated, and can not be enforced."

The instructions in question submitted a correct statement of the law, and there was evidence tending to sustain the theory presented in them.

Judgment affirmed.