BLUFF CITY LUMBER COMPANY *v.* HILSON.

Opinion delivered December 23, 1907.

1. EVIDENCE—SECONDARY PROOF OF WRITING.—Secondary evidence of the contents of a written contract was inadmissible, in the absence of proof of loss of such contract or of the party's inability to produce it. (Page 41.)

2. SAME—WRITTEN CONTRACT—PROOF OF CONTEMPORANEOUS VERBAL AGREEMENT.—Where, at the time an alleged verbal agreement was made, the evidence shows that a written contract between the parties was entered into, relating to the same subject-matter, the terms of such written contract must be proved before it will be admissible to show the terms of the verbal agreement for the purpose of showing that the latter related to some matter not covered by the written contract. (Page 41.)

3. SAME—VARIANCE.—It was not error to refuse to permit appellant to introduce evidence tending to prove an issue not presented by the pleadings. (Page 42.)

4. PLEADING—DISCRETION AS TO AMENDMENT.—It was not an abuse of the trial court's discretion to refuse to permit defendant to file an amendment to its answer which changed the issue in the case, if such amendment was first offered after the introduction of evidence had been concluded, where the suit had been pending more than eight months, and the amendment might have caused a postponement of the trial. (Page 42.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*Bridges, Wooldridge & Gantt,* for appellant.

Defendant should have been permitted to introduce proof to show that plaintiff did not deliver lumber according to the contract. The answer, liberally construed, would permit the introduction of such proof; if not sufficient, then the defendant should have been permitted to amend its answer. Kirby's Digest, § § 6140, 6145, 6148; 58 Ark. 504; 64 Ark. 253; 29 Ark. 323; 53 Ark. 263; 59 Ark. 317; 67 Ark. 142.

*John E. Martineau, W. F. Coleman,* and *Murphy, Coleman, & Lewis,* for appellee.

It is only where the trial court abuses its discretion with reference to amendments to pleadings that this court will interfere. 32 Ark. 249; 54 Ark. 444; 60 Ark. 531; 68 Ark. 315; 80 Ark. 326. And there was no error in refusing the evidence

offered.   56 Mich. 419; 1 Greenleaf, Ev. (16 Ed.), § § 278, 281; 4 Cal. 204.

McCULLOCH, J.   This is an action instituted by Jacob Hilson, as surviving partner of the firm of J. & H. Hilson, against Bluff City Lumber Company to recover on account for lumber sold and delivered to the defendant.   The complaint states that the lumber was sold and delivered by the firm of J. & H. Hilson to defendant under a verbal contract whereby the defendant, through its agent, one Murray, agreed to take "all the lumber of said firm, mill run, f. o. b. cars at Pinnacle, Arkansas, at the price of $10.50 per thousand feet."   The itemized account exhibited in the complaint showed a total amount of $1,498.86, for lumber sold, and payment thereon of $1,105, leaving balance of $393.86.

The defendant filed its answer, denying that it ever entered into any contract with said firm for the purchase of lumber, or that Murray had authority from defendant to enter into such contract, and the answer further states: "That plaintiffs did at various times ship to defendant several cars of lumber without authority of defendant, and after said cars were shipped plaintiffs and defendant agreed that said cars of lumber should be disposed of to the best of the ability of defendant, and whatever could be derived therefrom should be paid to plaintiffs, said sum not to exceed ten dollars and fifty cents per thousand for kiln-dried lumber for all grades averaging fifty per cent. star and better, same being based on seven dollars for number one common and fourteen dollars for star and better, averaging ten dollars and fifty cents per thousand.   Defendant states that said lumber so received proved to be of such inferior grade that defendant has been wholly unable to dispose of a large amount of same, and this defendant has paid plaintiffs far more than it was due plaintiffs on account of sales of said lumber, and denies that it is indebted to plaintiffs in any sum whatever."

On the trial of the case it was shown by the testimony of Murray and the plaintiff (which was undisputed) that the former, as agent of defendant, had entered into a contract with said firm for the purchase of lumber, and that the lumber in question, 9 car loads, was shipped to defendant pursuant to the contract.   It was further developed, however, during the pro-

gress of the examination of these witnesses that a memorandum of the contract was made in the form of a letter addressed by J. & H. Hilson to defendant, stating the terms of the sale and price of the lumber—the price being named at $10.00 per thousand feet.

The defendant introduced as a witness Mr. G. W. Ritchie, who testified concerning the receipt and disposition of the lumber, and the following questions and answers appear in his examination.

"Q. What understanding did you have with Mr. Henry Hilson, if any, relative to this? A. It was verbally agreed between us that we should make such disposition as we could of the stuff that had been shipped, and to avoid any misunderstanding there was a contract drawn up that day, which he signed, that was supposed to show as to the portion of the different grades. Q. Was that a written contract? A. Yes, sir. Q. You have that? A. Yes, sir. Q. What agreement did you make relative to this lumber that had been shipped? A. We proposed to dispose of it to the best possible advantage."

The court sustained an objection to the last question and answer, and this ruling is assigned as error.

Other portions of the testimony of the witness showed that this alleged transaction testified to by Mr. Ritchie occurred about a month after the contract was entered into between Murray and Jacob Hilson for his firm, and after the lumber had been shipped to and received by defendant.

There was no error in the exclusion of this testimony. The written contract itself was the best evidence of its contents and the agreement of the parties. Without proof of its loss or of the defendant's inability to produce it, secondary proof of its contents was inadmissible. No effort was made by defendant to introduce the writing or to account for it. The record shows an effort only to show what the verbal agreement was.

The statements of witness Ritchie, above quoted, do not show clearly whether the written agreement related to all the lumber which had already been shipped, as well as future shipments, or merely to future shipments. As he did not mention anything in the alleged negotiation or agreement at that time about future shipments, we must assume that the writing related at least to

lumber already shipped, if not to future shipments as well. At any rate, the testimony of the witness shows that at the time of the alleged verbal agreement a contract between the parties concerning the transaction was drawn up and signed, and it devolved upon the defendant, under those circumstances, before it should be allowed to introduce oral evidence, to show that the verbal agreement entered into at the same time related to some other and distinct matter, and not to the subject-matter of the contract evidenced by the writing.

Error of the court is also assigned in its refusal to permit witness Ritchie to testify concerning the grades of the lumber shipped. Under the issues presented by the pleadings, it was not proper to admit evidence on this subject. The defendant's answer tendered no issue as to the grade, quality or quantity of the lumber alleged to have been sold and delivered. The answer denied that defendant had purchased any lumber from plaintiff, and alleged that the lumber had been shipped without authority, and was accepted by defendant only on written agreement that it should sell the lumber for the best price it could obtain and account to J. & H. Hilson for the proceeds. The defendant failed to sustain that defense, but attempted to introduce proof tending to sustain a wholly different one, not raised by the pleadings. The court was correct in excluding it.

After the court had ruled out this evidence, defendant tendered an amendment to its answer, setting forth the following defense:

"Defendant denies that plaintiff shipped to or delivered to the defendant the kind or grade of lumber contracted for, if such contract was made, as set forth in the complaint, and it states that plaintiff delivered lumber of inferior quality and grade and worth four hundred dollars less than the lumber called for by such contract, and defendant pleads same as a bar to the right of plaintiff to recover herein," which the court refused, and defendant excepted. This was after the introduction of evidence had been concluded by both sides, and the court refused to allow the amendment to be filed. The statute provides that a trial court "may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding * * * by inserting other allegation material to

the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." ·Kirby's Digest, § 6145. The statute does not, however, require the court at all stages of the proceeding to permit the introduction of new issues in the case. That is, to some extent, a matter of discretion with the trial court when the amendment "does not change substantially the claim or defense," and this court will not disturb a ruling of the trial court in the exercise of that discretion, when it clearly appears to have been observed. *Beal & Doyle Company* v. *Barton,* 80 Ark. 326; *Mooney* v. *Taylor,* 68 Ark. 314.

No abuse of that discretion is shown here. The amendment was offered at the conclusion of the trial, and the suit had been pending for more than eight months, and up to time it was offered the answer tendered a different issue, and the amendment may have caused a postponement of the trial.

We find no error, and the judgment is affirmed.