### GRIER v. YUTTERMAN.

### Opinion delivered February 26, 1912.

1. EJECTMENT—PLEADING—ISSUES.—Where the plaintiff in an ejectment suit to recover a fractional quarter section of land claimed under a deed of certain date, and alleged that at and prior to such conveyance the Arkansas River was the east boundary line of the quarter section, and that since that time the river has receded eastwardly, and thus added to said fractional quarter section a large quantity of permanent land, which is the property of plaintiff by reason of his ownership of said fractional quarter section, and the defendant made no denial concerning the formation of land by accretion, it was unnecessary for plaintiff to prove such allegation.  (Page 434.)

2. SAME—PLEADING—GENERAL DENIAL.—A general denial of an allegation in a complaint in ejectment that plaintiff is the owner and entitled to possession of certain lands formed by accretion was not sufficient to put in issue such ownership, as such pleading was a mere conclusion, and not a denial of the facts stated in the complaint. (Page 435.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*H. C. Mechem,* for appellant.

Where a water line is the boundary of a named track of land, that line remains the boundary, no matter how it shifts. 69 Ark. 34.

A water line does not shift up and down a stream but at right angles to it as it advances or recedes. In no case will an accretion be divided between coterminous owners by lines running up and down a stream. 17 Pick. (Mass.) 41; 13 R. I. 355; 100 N. Y. 437; 92 S. W. (Mo.) 228; 108 N. W. (Ia.) 924; 111 N. W. (Wis.) 570; 127 N. W. (Mich.) 365; 33 Am. Dec. 280, note; 114 Ill. 313; 118 Mo. 403; 53 N. W. (Minn.) 1139;

18 Ia. 549; 127 N. Y. Supp. 949; 1 Black (U. S.) 121. The court adopted the wrong rule. *Malone* v. *Mobbs, post* p. 542.

*Winchester & Martin,* for appellee.

1. The question of accretion is settled by 73 Ark. 199.

2. Erroneous findings of the court, without evidence to support them will be disregarded in this court—the record in the case is the only guide. 65 Ark. 278; 68 *Id.* 33; 71 *Id.* 427, 436. If the judgment is right, the declarations of the court will not prevent an affirmance. 70 Ark. 507.

McCULLOCH, C. J. Appellant is the owner of a fractional quarter-section of land, according to the original government survey and plat, in Sebastian County, Arkansas, and instituted this action at law against appellee, the owner of an adjoining tract, to recover the posesssion of land alleged to have been formed by gradual accretion since the year 1890 between the boundaries of appellant's original tract on the Arkansas River and the present bank of the river. The case was tried before the court sitting as a jury, and the court found that the land in controversy was formed by accretion, and rendered judgment in favor of appellant, but only to the extent of allowing him sufficient land to fill out the quarter-section as if it had been a full quarter originally, still leaving in the possession of appellee a strip of land between that line and the bank of the river,

The court adopted the wrong rule of allotting accretions (*Malone* v. *Mobbs, post* p. 542), and this is conceded; but it is insisted on behalf of appellee that, upon the whole case, the appellant is not prejudiced by the judgment of the court, for the reason, as alleged, that there was no proof to show that the land was formed by gradual accretion. It is true that appellant introduced no proof to show the manner in which the land was formed, except that some of the witnesses stated "that the river had receded." On examination of the pleadings, however, we find that appellant is correct in his contention that the question of the formation of the land was not made an issue in the case, the answer not having denied the allegations of the complaint on this point. Appellant, setting out the source of his title, showing among other links in the chain, a deed from Robert S. Gibson to Paul Delorvin, dated November 7, 1890, made the following allegation in his complaint: "That

at and prior to the said conveyance from Robert S. Gibson to Paul Delorvin the Arkansas River was the east boundary line of said fractional northeast quarter, and that since that time said river has gradually receded eastwardly, and thus added to said fractional section a large quantity of permanent land, amounting in all, to more than 100 acres, which is the property of plaintiff by reason of his ownership of said fractional northeast quarter."

This is, we think, a sufficient allegation that the land was formed between the old and the new boundaries by gradual accretion. If not sufficiently definitely and certain, it should have been met by a motion to make it so. Appellee in his answer put in a denial that the Arkasas River was the east boundary line of appellant's land at the time named. There is no denial, or attempt at denial, of the allegation concerning the formation of the lnad by gradual accretion. Therefore it was unnecessary to prove it. There is a general denial of the allegation in the complaint that appellant is the owner and entitled to the immediate possession of the lands alleged to have been formed by accretion, but this was not sufficient to put that question in issue as that was pleading a mere conclusion, and not a denial of the facts stated in the complaint. *Beard* v. *Wilson*, 52 Ark. 290. The denial was not, as contended by counsel for appellee, as broad as the allegation of the complaint. Appellant introduced proof tending to establish the location of the river bank with respect to his original tract of land in the year 1890, which was an issue in the case; but, as before stated, he introduced no proof on the other point, because it was not made an issue. It follows that the judgment of the circuit court was erroneous. The judgment is therefore reversed, and the cause is remanded for a new trial.