BALLARD *v.* KANSAS CITY & MEMPHIS FARMS COMPANY.

Opinion delivered November 5, 1917.

1.  PLEADING AND PRACTICE—TITLE TO LAND—ISSUE AS TO OWNERSHIP
    —EJECTMENT.—Plaintiff brought ejectment, setting out a com-
    plete chain of title.  Defendant answered merely denying plain-
    tiff's ownership; *held,* the answer was not sufficient to put
    the question of plaintiff's ownership in issue.

2.  TAXES—SEVEN YEARS.—The payment for seven years of taxes
    upon land, under color of title, makes out a *prima facie* title in
    favor of the person paying the same.

3.  SWAMP LANDS—COMPROMISE—EFFECT OF.—The compromise be-
    tween the United States and the State of Arkansas, approved
    by the State on March 10, 1897, and by act of Congress of April
    29, 1897, does not affect lands already patented by the United
    States to the State of Arkansas.  It had only to do with swamp
    lands which the State had not received, but was still claiming,
    and with lands claimed by the United States as not being in
    fact swamp land, and with certain debts due the United States
    from the State.

Appeal from Poinsett Circuit Court; *W. J. Driver,*
Judge; affirmed.

*Mardis & Mardis,* for appellant.

1.  This is a suit in ejectment, and plaintiff must de-
raign and prove title.  Kirby's Digest, § 2742.

The complaint does not allege that the title ever
passed from the United States by patent or otherwise,
nor was there such proof.

The patent to Porter was not filed, nor a copy thereof,
the original was not exhibited nor is it of record and
hence not admissible in evidence.  38 Ark. 181; 40 *Id.* 237.
The title is still in the United States, having never passed
to the State.  100 Ark. 94.  If the State ever issued its
patent to Porter it was four years before it ever could
have acquired title.  It was only a quitclaim deed, and
any subsequently acquired title would not inure to Porter.

But the forfeiture for taxes terminated Porter's title.

Under the settlement and compromise act of 1895, the
land reverted to the United States, 231 U. S. 564-8, and

was not subject to taxation. The board of directors of the St. Francis Levee District acquired no title.

Seven years payment of taxes would not divest the United States of its title and the deed to Chatfield was *in trust* and his *heirs* had no title to convey. Appellee fails to prove its title.

· *Hughes & Hughes,* for appellee.

The United States granted the land to the State by the swamp land grant, and it is so alleged. The State granted to Porter and the chain is complete to appellee. Appellants did not deny the title and no proof was necessary.

But payment of taxes under color of title was proven for more than seven years. The compromise act of 1898 did not give title to the United States. 39 Stat. at Large, 368, 6 Fed. Stat. Anno. 314.

The defense is frivolous, appellants being mere squatters without right or title or claim.

SMITH, J. This was a suit in ejectment, and the complaint alleged that on January 12, 1854, "the State of Arkansas, being then the owner of the said land (the land sued for) under the Swamp Land Grant, by its patent of that date, conveyed the same to Ethel H. Porter." A chain of conveyances from Porter direct to the plaintiff is then alleged. In the last paragraph of the complaint, it was alleged that appellants, who were the defendants below, entered into the possession of the land for the purpose of homesteading it, claiming that the land belonged to the United States, but "the said claim is wholly without foundation, as the Government parted · with its title by the Swamp Land Grant of 1850." It was also alleged that the said land had forfeited to the State for the nonpayment of the taxes due thereon for the years 1866, 1869, 1870 and 1878, and had been granted by the State of Arkansas to the board of directors of the St. Francis Levee District, and that plaintiff had, by mesne conveyances, acquired this title.

It was also alleged that the land was wild and unoccupied, and that plaintiff and its predecessor in title had paid the taxes continuously thereon for more than twenty years.

Appellants, in their answer, "deny that plaintiff is the owner of the land set out in the complaint." The answer admitted the forfeiture of the land for the nonpayment of taxes, but denied the execution of the deed from the levee board or the payment of the taxes thereunder. The answer further alleges "that on the ............... day of ........................, 1915, said land belonged to the Government of the United States, and that on said date defendants went on said lands and commenced to make improvements thereon with the view of making homestead entry thereon, and that the legal title to said land is in the United States by reason of the settlement and compromise between the United States and the State of Arkansas made in 1897."

The plaintiff filed copies of the conveyances pleaded in the complaint except the patent from the State to Porter, and no showing was made that the land had been selected and approved to the State under the Swamp Land Grant. Payment of taxes by plaintiff and its vendor for more than seven years was shown. One of the defendants testified that he had settled on the land for homestead purposes, having been advised that the land belonged to the United States. There was a verdict in favor of plaintiff, and the defendants have appealed.

It is first said that the plaintiff did not show that the title had ever passed from the United States by patent or otherwise. It may be said, however, that there was no denial of the existence or validity of a single link in the plaintiff's chain of title so far as the original title is concerned. It is true the answer denied plaintiff's ownership of the land, but this was not sufficient to put that question in issue, as that was pleading a mere conclusion and was not a denial of the facts stated in the complaint. *Beard v. Wilson,* 52 Ark. 290; *Harvey v. Douglass,* 73 Ark. 221; *Grier v. Yutterman,* 102 Ark. 433.

Moreover, the payment of taxes under the color of title shown was sufficient to make a *prima facie* title in favor of plaintiff.

Appellants argue that the forfeitures for taxes for the years 1866, 1869, 1870 and 1878 operated to extinguish any title passing to Porter under the patent from the State and restored the title to the State, and that this title passed to the United States under the compromise agreement between the State and the United States which was ratified by the State March 10, 1897 (Acts Regular Session 1897, page 88), and by the act of Congress of April 29, 1898, 30th U. S. Stat. at Large, 367, chap. 229, 7 Fed. Stat. Ann. 125. But, as pointed out by appellee, this compromise had nothing to do with lands already patented by the United States to the State of Arkansas. It had only to do with swamp lands which the State had not received but was still claiming, and with lands claimed by the United States as not being in fact swamp lands, and with certain debts due the United States from the State. Section 3 of the act of Congress referred to reads as follows: "That the title of all persons who have purchased from the State of Arkansas any unconfirmed swamp lands and hold deeds for the same, be and the same is hereby, confirmed and made valid as against any claim or right of the United States, and without the payment by said persons, their heirs or assigns, of any sum whatever to the United States or to the State of Arkansas."

If the land in controversy was, in fact, embraced in this settlement between the United States and the State— a fact which we do not know from the record before us— the title passed to the State under it, whether a patent was ever issued to the State or not, for it is alleged, and not denied, that the State had conveyed this land to Porter in 1854.

No error appears and the judgment is affirmed.