GARDNER *v.* FARMERS ELECTRIC CO-OP. CORP.

5-2125                                    338 S. W. 2d 206

Opinion delivered September 19, 1960.

*Hout & Thaxton,* for appellant.

*Kaneaster Hodges* and *John M. Lofton, Jr.,* for appellee.

GEORGE ROSE SMITH, J.    This is an action by the appellant for personal injuries resulting from a severe electrical shock.    At the close of the plaintiff's proof the trial court directed a verdict for the defendant.    The principal question is whether the plaintiff's evidence made a case for the jury.

At the outset the appellee asks that the judgment be affirmed on account of the appellant's failure to abstract any of the testimony heard in the court below. The appellee, however, has sufficiently supplied the defect to enable us to pass upon the principal issue, and consequently we determine the case upon its merits.    See Supreme Court Rule 9 (e).

Gardner, the appellant, was employed by Allbright Brothers Construction Company, a firm of contractors. Allbright maintained a storage yard for heavy equipment in an open field near Newport. The storage yard was crossed by the appellee's high-voltage distribution lines, the lowest line being 17 feet 8 inches above the ground.

On the day of the accident Allbright's employees were using a winch truck, equipped with a boom, to pick up and move heavy objects on the storage yard. It was Gardner's job to fasten the cable to the object being shifted about and to guide the article during its movement. As a heavy sledge was being moved in this fashion the upper five inches of the boom came in contact with the appellee's line. An electric current traveled down the cable being held by Gardner and inflicted severe and extensive burns to his body.

The complaint alleged that the appellee was negligent in maintaining its line in violation of the minimum clearances fixed by Rule 232A of the National Electrical Safety Code, which seems to be a set of regulations adopted by the electrical industry. The rule cited in the complaint provides minimum clearances for overhead wires in five specific topographical situations, one of which is the crossing of "driveways to residence garages." In that situation the minimum height for the lines is twenty feet. It is conceded that Allbright's storage yard did not contain either a driveway or a garage and so did not fall within the literal language of the rule relied upon.

In this court the appellant argues that the safety code evidently could not enumerate all the countless varieties of terrain crossed by overhead lines. Hence, it is suggested, the five physical situations described in the code should be interpreted as representative types, each applying to all other situations most nearly similar to it. Upon this theory it is contended that a storage yard is more comparable to a residential driveway than to any of the other four situations; therefore such a yard calls for a minimum overhead clearance of twenty feet.

In view of the record before us we cannot justify a reversal of the trial court upon the appellant's theory. The complaint contained a specific allegation of negligence, that the appellee maintained a high-voltage line in violation of the clearances set forth in Rule 232A of the code. The appellee, acting upon a reasonable construction of the complaint, was entitled to (and apparently did) prepare its defense upon the assumption that the plaintiff would attempt to bring the case within one of the five situations described in Rule 232A. These situations included the crossing of wires over railroad tracks, public streets and alleys, driveways to residential garages, and spaces accessible to pedestrians only. The plaintiff's proof, as we have seen, did not bring the case within any of the specific situations covered by the rule.

The alternative theory now urged by the appellant is not covered by the allegations of the complaint, for this theory does not involve a violation of Rule 232A. Instead, it involves a violation of a common law duty of ordinary care, with the safety code provision as to residential driveways having evidentiary value by way of analogy. It appears from the appellee's abstract of the testimony that the plaintiff offered some expert testimony tending to support his present theory. The court did not err in sustaining an objection to this proof, as ordinarily it is not error to exclude evidence relating to an issue not pleaded. *Bluff City Lbr. Co.* v. *Hilson*, 85 Ark. 39, 107 S. W. 161. The court might, in its discretion, have permitted a new issue to be introduced during the progress of the trial, *Manufacturers' Furn. Co.* v. *Read*, 172 Ark. 642, 290 S. W. 353; but we perceive no abuse of the court's discretion. See also *Jonesboro Coca-Cola Bottling Co.* v. *Holt*, 194 Ark. 992, 997, 110 S. W. 2d 535. At the end of the plaintiff's case the court ruled that the code provision relating to wires crossing residential driveways was not applicable to this case. In response to the court's inquiry about additional evidence the plaintiff's counsel elected to stand upon their pleadings and proof. In these circumstances no reversible error has been shown.

Affirmed.