HOME INSURANCE CO. *v.* MRS. P. M. DEARING

5-5247                                    452 S. W. 2d 852

Opinion delivered April 20, 1970

*Terral, Rawlings, Matthews & Purtle* and *Schieffler & Murray,* for appellant.

*Daggett & Daggett;* By: *James R. Van Dover,* for appellee.

JOHN A. FOGLEMAN, Justice. On May 14, 1967, appellee and one J. Q. Floyd were involved in an automobile collision, while each was driving his own vehicle. Appellant carried the collision insurance on Floyd's vehicle. Floyd instituted a suit to recover from appellee for his personal injuries and for damage to his motor vehicle. After settlement negotiations between the attorneys for the parties, Floyd's attorney advised appellee's attorney by letter dated November 21, 1967, that Floyd would amend his complaint to eliminate any claim for damages to his automobile and then accept appellee's settlement offer of $6,000. In concluding, this attorney stated:

> "* * * I realize that this would be an increase in your offer, and I also realize that the insurance company would probably make claim for reimbursement of subrogation, but this is the basis by which I feel a settlement would be reached."

Thereupon the suggested amendment was made and a copy thereof furnished to appellee's attorney. The settlement was then concluded. An order of dismissal of Floyd's suit with prejudice was entered on November 28, 1967. Thereafter, Floyd first made claim against appellant, who paid him $2,348.83 for collision damage on January 8, 1968, when Floyd executed a

proof of loss giving appellant subrogation rights against appellee. The present action was later instituted by appellant against appellee, seeking recovery of the amount it paid Floyd. There was no allegation of fraud or collusion on the part of the parties to the settlement.

Appellee's defense of res judicata was sustained by the circuit court and appellant's complaint dismissed.

Appellant admits that res judicata would have constituted a complete defense under the principle applied in *Motors Ins. Corp.* v. *Coker,* 218 Ark. 653, 238 S. W. 2d 491, except for the concluding sentence in Floyd's attorney's letter. It argues that appellee was thereby put on notice that appellant would have subrogation rights, so that our decision in *Sentry Insurance Company* v. *Stuart,* 247 Ark. 2, 439 S. W. 2d 797, governs. There we said that no act of the insured releasing a wrongdoer from liability could defeat the insurer's rights when it was done without knowledge or consent of the insurer, and the wrongdoer had full knowledge of the insurer's right of subrogation. A settlement made by the tort-feasor under those circumstances was held to constitute consent to a splitting of an otherwise indivisible cause of action. That case, however, may readily be distinguished from this, because that settlement was made after payment had been made by the insurer to its insured, and notice of the consequent subrogation rights had been given to the alleged tort-feasor by the insurer. Recovery by the insurer was permitted upon the basis of the tort-feasor's knowledge of the payment of the insurer's liability to the insured.

Appellant here had acquired no subrogation rights and had given no notice to the tort-feasor. As stated by the circuit judge, Floyd was the owner of all claims accruing from the collision when the dismissal order was entered. Appellant admits that it had no subrogation rights at the time the letter was written. These rights could not come into existence until appellant

had paid Floyd's claim. *Haley* v. *Brewer*, 220 Ark. 511, 248 S. W. 2d 890; *North Arkansas Milling Co.* v. *Lepari*, 231 Ark. 965, 333 S. W. 2d 713. Floyd's attorney's letter cannot be construed as a notice on behalf of appellant and merely constitutes a prediction on his part. It clearly indicated that appellant had not then paid Floyd's claim. As noted in *Sentry*, the settlement there was effectuated without a court judgment or the filing of a suit.

We further point out that there was no agreement by Mrs. Dearing that the cause of action be split, as was the case in *St. Paul Fire & Marine Ins.* v. *Wood*, 242 Ark. 879, 416 S. W. 2d 322. Advice of steps to be taken by appellant's insured before he accepted her settlement offer, which obviously required a dismissal of his cause of action with prejudice, did not and could not constitute an agreement on her part that the cause of action, then owned by Floyd exclusively, was or could be split.

The judgment dismissing appellant's complaint is affirmed.