## J. Q. FLOYD *v.* HOME INSURANCE COMPANY

5-5614                                              467 S. W. 2d 698

### Opinion delivered June 14, 1971

*W. G. Dinning, Jr.,* for appellant.

*Schieffler & Murray* and *Terral, Rawlings, Matthews & Purtle,* for appellee.

JOHN A. FOGLEMAN, Justice. This appeal is a satellite of *Home Insurance Company* v. *Dearing,* 248 Ark. 574, 452 S. W. 2d 852. It comes from a summary judgment for the recovery by appellee Home Insurance Company of $2,348.83 paid appellant Floyd as its insured on a policy of automobile insurance which included collision

coverage. Appellant and Mrs. P. M. Dearing were involved in an automobile collision on May 14, 1967. As pointed out in *Dearing*, appellant's suit against her for damages was concluded by an order of dismissal with prejudice entered on November 28, 1967.

It is admitted that appellee paid Floyd the above amount for collision damage on January 8, 1968, on the basis of a loan receipt and proof of loss executed by Floyd. The loan receipt recites that appellee made the payment as a loan, payable only to the extent of Floyd's net recovery from anyone on account of the collision. In the receipt, Floyd pledged his recovery as security for repayment and agreed to prosecute suit for said loss with due diligence, at the expense and under the exclusive direction and control of appellee. In the proof of loss, Floyd made the following assertions:

> Nothing has been done by, or with, the privity or consent of the insured or this affiant to violate the terms and conditions of this policy or render it void . . . No attempt has been made to deceive the insurer in any manner as to the cause and the extent of said loss or otherwise.

It is also admitted that before making said payment the supervising adjuster of appellee addressed a letter dated December 18, 1967, to appellant's attorney acknowledging receipt of all copies of the- pleadings in appellant's case against Mrs. Dearing, forwarded by the local representative of the General Adjustment Bureau which had represented appellee in the investigation and processing of matters pertaining to the collision. This letter contained the following paragraph:

> Before making payment on this claim, we would like to have your assurance that our subrogation claim has been protected in the settlement of this claim. We note that you did delete the property damage prayer from the pleadings but would just like to have your assurance that our claim will be protected.

Reply was made by appellant's attorney on January 2, 1968, as follows:

> I have furnished you copies of the proceedings, and the Farm Bureau Insurance Company and Mr. Jimason Daggett of Marianna, its attorney, are completely advised that the settlement made with them covered personal injuries only.

On August 20, 1968, appellant filed the suit against Mrs. Dearing which is the action that culminated as *Home Insurance Company* v. *Dearing,* supra. When Mrs. Dearing entered her plea of res judicata based on the order of dismissal, appellee filed an amendment to its complaint making Floyd a party to the action. In this amendment appellee alleged that, if defense of res judicata were sustained, it would then be entitled to recover the amount it paid to appellant Floyd for breach of his proof of loss and loan receipt upon the basis of which he was paid. To this pleading Floyd filed an answer and cross-complaint, alleging that he included the property damage claim in his suit against Mrs. Dearing at the insistence of, and with the knowledge of, the adjustment bureau, with the understanding that, if he did not recover from Mrs. Dearing, recovery would be had under his policy with appellee. His cross-complaint was based upon his assertion that appellee had breached its contract of insurance by filing suit against him.

After our decision in *Dearing,* appellee moved for summary judgment upon the basis of the correspondence between its supervising adjuster and appellant's attorney. Appellant responded and filed the affidavit of his attorney. This affiant stated that he was in constant contact with the adjustment bureau and its Helena manager whose office adjoined the attorney's, that this manager investigated the accident, interviewed witnesses and delivered all information gathered to the affiant for the purpose of attempting to collect the vehicle damage from Mrs. Dearing, and obtained a replacement vehicle for appellant at a discount. He further stated that there was a complete understanding with the adjustment bureau manager that Floyd would withhold his

claim under appellee's insurance policy until the settlement of the Dearing litigation but that appellant received nothing from Mrs. Dearing or her insurance carrier for his vehicle damage by reason of the amendment to the complaint and the dismissal of the action. He also deposed that the loan receipt was filed by Floyd in his presence and in the presence of the adjustment bureau manager with full knowledge of the facts set out in the affidavit.

We have clearly recognized that a cause of action in tort may be split upon settlement with the tort-feasor by specific agreement of the parties. *St. Paul Fire and Marine Insurance Company* v. *Wood*, 242 Ark. 879, 416 S. W. 2d 322. There is no suggestion that there was any agreement between Floyd and Mrs. Dearing to this effect, as we pointed out in *Dearing*. We have also said that no act of an insured releasing a tort-feasor from liability could defeat the insurer's rights when it was done without knowledge or consent of the insurer and with the tort-feasor's full knowledge of the insurer's right of subrogation. *Sentry Ins. Co.* v. *Stuart*, 246 Ark. 680, 439 S. W. 2d 797. In that case, we held that a settlement made by the tort-feasor under those circumstances constituted consent to the splitting of an otherwise indivisible cause of action. In *Dearing* we pointed out that the appellee had no subrogation rights in this case prior to the recovery by Floyd from Mrs. Dearing or her insurance carrier and that there had been no court judgment or even any suit filed in *Sentry*.

The only reasonable inference to be drawn from the inquiry by appellant's supervising adjuster is that the insurance company was aware of our holdings that settlement could be accomplished in a manner which split a cause of action in tort and which would protect the rights of appellee. Appellee's response through his attorney did not put the company on notice that a dismissal with prejudice of the *Floyd* v. *Dearing* case had been entered, and there is nothing else in the record which would have indicated to either the company or the adjustment bureau employed by it that this was the manner in which the case was being terminated. Ap-

pellee's statement that the agent of the adjustment bureau had full knowledge of all the facts set out in his affidavit falls far short of controverting the only reasonable inference to be drawn from appellant's statements in the proof of loss and loan receipt and the cited correspondence, *i. e.,* that appellant assured appellee that the Floyd-Dearing litigation had been settled without impairment of the right of recovery of the vehicle damage from Mrs. Dearing. As we said in *Dearing,* the order of dismissal constituted a complete defense against this recovery under the principle applied in *Motors Ins. Corp.* v. *Coker,* 218 Ark. 653, 238 S. W. 2d 491, and nothing was done which amounted to a splitting of the cause of action. Appellant cannot be heard to say that he was not aware of the effect of this order, as the rule of law has been well established in this state. Since the admissions upon which appellee relied for its motion showed a prima facie right to recover, and appellee's controverting affidavit did not set forth specific facts showing that there was a genuine fact issue for trial, we affirm the summary judgment.

The judgment might also have been affirmed for appellant's failure to abstract the subrogation agreement and loan receipt in compliance with Rule 9, had the appellee not cured the defect by abstracting both. *Wells* v. *Smith,* 198 Ark. 476, 129 S. W. 2d 251; *Gardner* v. *Farmers Electric Co-op. Corp.,* 232 Ark. 435, 338 S. W. 2d 206; *DeSoto Hotel & Baths* v. *Luth,* 239 Ark. 424, 389 S. W. 2d 897.

HARRIS, C. J., dissents.