## DAVIS v. SPANN.

### Opinion delivered November 8, 1909.

1. APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT—PRESUMPTION.—Where appellant fails to abstract the evidence so as to show that the judgment appealed from is erroneous, it will be presumed that it is correct. (Page 215.)

2. SALE OF LAND—EFFECT OF AGENT'S VERBAL AUTHORITY.—While authority to convey land or the growing timber thereon must be confirmed by an instrument of equal dignity with the instrument of conveyance, authority to sell and to make a binding contract of sale may be conferred verbally. (Page 215.)

3. TIMBER—VERBAL SALE—VALIDITY.—One who purchases timber on land under verbal contract, pays the purchase price, enters upon the land by permission and cuts the timber can in equity successfully defend his title. (Page 215.)

Appeal from Mississippi Chancery Court, Osceola District; *Edward D. Robertson,* Chancellor; affirmed.

*Thomason & Thomason,* and *J. T. Coston,* for appellants.

The timber was part of the land on which it stood (118 S. W. 1021), and cannot be conveyed except by deed in the usual form for conveying real estate. 118 S. W. 1021; 61 Mo. App. 409; 5 Barb. 364. The power to convey is to be exe-

cuted only in accordance with the provisions prescribed in the deed. 31 Ark. 406. A purchaser of land takes it with notice of whatever appears in his chain of title. 50 Ark 327. A special power of attorney should be strictly construed. 19 Wall. 610. Where the owner of an estate prescribed in an instrument creating a naked power the manner of exercising it, such requirements must be strictly complied with. 83 Am. Dec. 780; 100 *Id.* 231; 32 S. W. 1056; 30 S. W. 52; 37 Tex. 19; 16 S. W. 310; 14 Wis. 630; 12 Minn. 546; 1 Ia. 242. A ratification by the principal of the not properly authorized act of the agent must be by an act of the character required for original authority. 18 N. W. 151. The burden of proving ratification of an unauthorized act rests upon the party asserting it. 84 Am. Dec. 613; 20 So. 749; Mechem on Agency, § 132.

*W. J. Lamb,* for appellee.

When counsel for appellant fails to abstract the transcript of the record, the decision of the trial court will be affirmed. 75 Ark. 571; 76 Ark. 138.

McCULLOCH, C. J. Mrs. Elizabeth Ballew, a resident of Tennessee, owned a tract of land in Mississippi County, Arkansas, and Judge Thomason, an attorney of Osceola, Arkansas, was her agent; the particular extent of his authority not being shown in this record as abstracted by counsel for appellants. Appellee Spann made an offer to Judge Thomason to purchase the timber on the land for $100, and the latter accepted the offer, subject to the approval of his principal. After submitting the offer to Mrs. Ballew and receiving her approval, Judge Thomason accepted appellee's offer and executed to the latter a deed signing his principal's name thereto as her agent, conveying the timber and stating a stipulated time within which it should be removed. The deed, as it now appears in the record, specified three and one-half years as the period of time within which the timber must be removed, but appellants contend that the deed was originally written specifying only three years, and that it has been changed since it was delivered to appellee. Appellee contends that the deed has not been changed since it was delivered to him, and we must accept this as true, since the chancellor so found on conflicting testimony, and appellants have not abstracted the testimony. Afterwards appellants purchased the land from Mrs.

Ballew, with notice that the timber had been sold to appellee, and they instituted this suit to recover from him the timber cut during the half-year disputed period. The chancellor denied them any relief, and they appealed to this court.

Judge Thomason testified that the only authority he had from his principal to sell the timber was contained in her letter to him authorizing him to accept appellee's offer of $100, in which she directed him to allow three years within which to remove the timber. Appellants insist that the testimony on this point is uncontradicted, but counsel for appellee dispute this; and, as the testimony is not abstracted, we cannot, without exploring the record, determine which contention is correct. It is our duty, therefore, to sustain the findings of the chancellor. It is the duty of an appellant to abstract the record so as to show that the judgment or decree appealed is erroneous; otherwise we indulge the presumption that it is correct. *Files* v. *Law,* 88 Ark. 449; *Shorter University* v. *Franklin,* 75 Ark. 571.

Appellants do not even abstract the letter which they claim constituted the authority of Judge Thomason to sell the timber, nor do they refer to it in the record. We have no information at all that the record contains it.

Learned counsel are also in error when they insist that under the law authority to sell land must be in writing. This court has held to the contrary. They overlooked the distinction between authority to sell and authority to convey land. Authority to convey land must be conferred by an instrument of equal dignity with the instrument of conveyance, but authority to sell and to make a binding contract of sale may be conferred verbally. *Forrester-Duncan Land Co.* v. *Evatt,* 90 Ark. 301; *McCurry* v. *Hawkins,* 83 Ark. 202. This distinction is not important in the present case, for, even if Judge Thomason exceeded his authority in the execution of the timber deed, appellee was the equitable owner under his contract of purchase, and, having paid the purchase price, entered upon the land by permission and cut the timber, he can in equity successfully defend his possession. *Daniel* v. *Garner,* 71 Ark. 484.

We are unable to discover any error in the proceedings, as abstracted. So the decree is affirmed.