RHODES *v.* UNITED STATES CASUALTY COMPANY.

Opinion delivered December 13, 1926.

INSURANCE—ACCIDENT POLICY—DEATH BY DROWNING.—An accident policy which limits the insurer's liability to injuries caused in manner therein specified *held* not to cover the death of insured by accidental drowning, where that was not one of the specified accidents.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Rogers, Barber & Henry* and *Sam M. Wassell,* for appellant.

*Malcolm W. Gannaway* and *A. Carlyle Gannaway,* for appellee.

McCULLOCH, C. J.  Appellant instituted this action against appellee on a policy of accident insurance issued to H. B. Rhodes, the benefit under the policy being payable to appellant.

H. B. Rhodes came to his death by accidental drowning at a swimming beach near Little Rock, and his death occurred during the existence of a policy of insurance issued to him by appellee.  The case was tried by the court, sitting as a jury, and the facts were undisputed. The court rendered judgment against appellant, and an appeal has been prosecuted.

The parts of the policy which are deemed material to this controversy read as follows:

"This is a limited policy, and provides indemnity for loss of life, limb, sight or time, by accidental means, only to the extent herein provided.

"Policy No............................                    Series No. '600A'

"United States Casualty Company
"80 Maiden Lane, New York.

"In consideration of the payment of the premium and subject to the terms, conditions and limitations contained herein, the United States Casualty Company of New York, herein called the company, does hereby insure the owner of this policy, herein called the insured, against

loss caused by bodily injuries as hereinafter provided and in the sums hereafter specified:

"Section A."

(Here follows a list of injuries to different parts of the body covered by the policy, and the respective amounts).

" * * * provided such injuries are not caused or contributed to by voluntary exposure to unnecessary danger, or by violation of the law on the part of the insured, and are effected exclusively by external, violent and accidental means, which shall, independently of all other causes, immediately, continuously and wholly disable the insured or be the sole cause of the death of the insured within one month of the date of the event causing such injury, and said injuries to the insured shall occur:

"While actually riding as a passenger and not being a railroad employee on duty, in a place regularly provided for the transportation of passengers within a surface or elevated railroad or subway car, steamboat or other public conveyance provided by a common carrier, for passenger service only, and while not being upon the step or steps, or getting on or off such conveyance; or

"While riding as a passenger in a passenger elevator used for passenger service only in a place regularly provided for the sole use of passengers."

Section B of the policy provides indemnity for loss of time resulting from certain accidental injuries not specified in the foregoing section, but this does not include death by accidental drowning. Section C provides indemnity against loss of life occurring within a month after certain accidental injuries, and the clause is restricted to certain kinds of injuries and does not include the loss of life by drowning. The policy ran for a term of one year, and the annual premium was fifty cents.

The contention of appellant is that there is liability under section A of the policy, and the argument in the brief is devoted to the contention that death by accidental drowning comes within the definitions contained in that section. Conceding that accidental death by drowning

is one "effected exclusively by external, violent and accidental means," as contended by counsel, it does not follow that such an injury comes within the terms of the policy, for the indemnity is, in express terms, limited to injuries which occur while the insured is riding as a passenger "within a surface or elevated railroad or subway car, steamboat or other public conveyance provided by a common carrier," or while riding "in a passenger elevator used for passenger service only." The policy is declared on its face to be a limited one and only to apply to the extent therein provided. This is further shown by the fact that the premium is only fifty cents per annum, and the strict limitations in the policy are expressly stated in clear language. It is not a general accident policy, but one confined to particular injuries accurately described.

We think the court was correct in holding that death by accidental drowning did not come within the terms of the policy, therefore the judgment of the trial court is affirmed.