MISSOURI STATE LIFE INSURANCE COMPANY *v.* BARRON.

4-2592

Opinion delivered June 27, 1932.

*Allen May* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Sam T. & Tom Poe,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $2,000, twelve per centum statutory penalty, and an attorney's fee of $500, rendered in a suit in the circuit court of Pulaski County, Second Division, in favor of appellees against appellant, on a certificate of accident insurance under group policy No. ADD-501 carried by the Missouri Pacific Railroad Company to protect John Barron, husband and father of appellees, as well as its other employees, from death resulting from accidental bodily injuries, effected through external, violent and accidental means independent from all other causes * * *.

It was alleged, and the proof introduced by appellees tended to show, that John H. Barron died from heat prostration induced by working in an engine in a roundhouse of said railroad company within a few hours after he was stricken. The certificate of insurance provided that notice of injury and death should be given to appellant within the time provided in the group policy, and the group policy provided for notice to appellant within 90 days after the loss for which claim is made. Appellees did not know of the existence of the certificate until they obtained pos-

session thereof in November, 1930. They employed attorneys on December 2, 1930, who proceeded to make an investigation of the facts and the law applicable thereto, and on May 7, 1931, notified appellant by letter that death had resulted to the insured through accidental means, and demanded payment of the face of the policy. Appellees introduced testimony tending to show that, after discovering the existence of the certificate of insurance, it was a difficult matter to ascertain the real facts surrounding the death of the insured, and to determine whether death resulted from natural or accidental causes, dependent to some extent upon expert testimony, and that their attorneys diligently pursued the inquiry during the five months intervening between discovering the certificate and the demand made for the payment of the face of the policy. Upon receipt of the letter from appellees' attorneys, appellant answered same, denying liability, in which letter it reserved the right to make any defenses it had or might later ascertain.

Appellant first contends for a reversal of the judgment upon the ground that it did not receive notice that the insured died from heat prostration within a reasonable time after appellees discovered the existence of the certificate of insurance. We are unable, as a matter of law, to say that five months was an unreasonable time to make the investigation and determine whether appellant was liable. There is testimony in the record tending to show that the attorneys prosecuted the investigation diligently, and that, in order to make a thorough investigation, the time consumed was actually required. The dispute in the evidence on this point made the issue one for the jury, and not a question of law for the court. The court therefore properly submitted this issue to the jury. Of course, further and more formal proofs of the cause of the insured's death were waived by appellant's denial of liability within the time appellees had a right to give the notice, which was a reasonable time after discovering the existence of the certificate of insurance. *Ætna Life Ins. Co.* v. *Duncan,* 165 Ark. 395, 264 S. W. 835. The reser-

vation in the letter, to make any defenses it then had or might later ascertain, did not qualify the denial of liability. The effect of the unqualified denial made within the period appellees had to make formal proof of the cause of the insured's death was to waive it, notwithstanding the reservation contained in the letter.

Appellant next contends for a reversal of the judgment because the court gave instruction No. 3, which is as follows:

"You are instructed that you are the judges of the cause of death of John H. Barron, and, if you find from a preponderance of all the facts and circumstances in evidence in this case that on the 24th day of June, 1929, John H. Barron, a short time after leaving the firebox of a locomotive engine, which was poorly ventilated and unusually hot, suffered from heat stroke, and at the time he suffered from heat stroke Barron was afflicted with a latent or dormant abscess, tumor or growth or formation in the brain, and which abscess, tumor, growth or formation was affected by the heat stroke and excited and aroused and caused the erosion of blood vessels within the brain of John H. Barron and consequently hemorrhages which resulted in his death on the same day and within a few hours thereafter, independently of all other causes; that is to say, that Barron would not have died as and when he did if the accident had not occurred; that, while death from the abscess, tumor, growth or formation in his brain might have resulted, it would have been deferred until a later period of his life, then heat stroke would be considered the cause of his death within the meaning of the policy and certificate of insurance."

This instruction told the jury in effect that, if the heat stroke was the proximate cause of the death of the insured, appellant would be liable under the policy, although death might have resulted at a later date on account of an abscess or tumor discovered in his brain by the autopsy, regardless of the heat stroke. This instruction was based upon the following clause found in both the certificate and group policy, to-wit:

"If death shall result from accidental bodily injuries, affected through external, violent and accidental means, independently of all other causes * * *."

Appellant admits that this instruction was a correct declaration of law applicable to the language quoted above under the construction placed thereon by this court upon a similar clause in an accident policy in the case of *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493. Appellant argues, however, that the group policy in the instant case contains an exception or exemption clause which brings the case within the rule that there can be no recovery if a disease of the insured cooperated with the accident to produce death. The exception or exemption clause relied upon to differentiate the instant case from the Meyer case, *supra,* is as follows:

"This insurance shall not cover accidental injuries, death or loss caused directly or indirectly, wholly or partly by bodily or mental infirmity or by any kind of disease."

The testimony is in conflict as to whether death resulted to the insured from heat prostration, from an abscess or tumor found in one cell of his brain when the autopsy was made, or from both causes co-operating together. Under instruction No. 3, requested by appellees and given by the court, before the jury could return a verdict for appellees they must find that heat prostration was the proximate cause of the insured's death. As stated above, this was a correct declaration of law as applied to the liability clause pleaded as a basis for the recovery. Liability under said clause was denied, and this was the only issue joined by the pleadings. The exemption or exception clause was not pleaded as a defense. It should have been pleaded specifically, and the failure to do so was a waiver by appellant. 1 C. J. 493; *Harrison* v. *Interstate Business Men's Acc. Assn. of Des Moines, Iowa,* 133 Ark. 163, 202 S. W. 34; *National Life & Acc. Ins. Co. of Nashville, Tenn.,* v. *Sherod,* 155 Ark. 381, 244 S. W. 436.

Appellant next contends for a reversal of the judgment because instructions Nos. 3 and 5, requested by appellant and given by the court, conflicted with instruction No. 3, requested by appellees and given by the court. The effect of instructions Nos. 3 and 5, given by the court at the request of appellants, was to tell the jury, if they found that the proximate cause of insured's death was a disease of the brain, then they should return a verdict for appellant. The instructions stated exactly the converse of the propositions contained in instruction No. 3, given by the court, and were not in conflict with it. Instruction No. 3, given by the court at the request of appellees, presented their theory of the case, and instructions Nos. 3 and 5, given by the court at the request of appellant, presented its theory of the case. Instructions presenting the respective theories of the parties are in no sense conflicting.

Lastly, it is contended that the attorney's fee of $500 allowed by the court is excessive. We think not, considering the time required to investigate the facts and try the cause, together with the services performed on the appeal of this case. The testimony of learned attorneys of the bar of Arkansas was to the effect that four or five hundred dollars was a reasonable fee for the preparation and trial of the cause.

No error appearing, the judgment is affirmed.