BANKERS NATIONAL INSURANCE COMPANY *v.* HEMBY.

4-9267                                                    233 S. W. 2d 637

Opinion delivered October 23, 1950.

Rehearing denied December 4, 1950.

*Tackett & Epperson,* for appellant.

*P. L. Smith,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit to recover disability benefits on two policies of health and accident insurance issued to appellee by appellant, Bankers National Insurance Company, a foreign insurance corporation unauthorized to do business in this state. Service of summons was obtained under the provisions of Ark. Stats., § 66-244.

The complaint alleged, and appellant admitted at the trial, that appellee was accidentally injured on July 7, 1948, while riding as a fare paying passenger on a bus of the Baum Bus Line at Okolona, Arkansas. As a result of the accident, appellee sustained a bilateral hernia and other injuries rendering him totally disabled for a considerable length of time.

Following a trial the court found that appellee was totally disabled within the meaning of the policies for more than twenty-six weeks as a result of the accident and judgment was rendered against appellant for $993.70 plus the statutory penalty of 12% and attorney's fee.

Appellant first filed a "special demurrer" to the jurisdiction of the court alleging that it had not transacted business in this state. The record proper fails to disclose any action on the demurrer. There is a page of docket entries attached to, but not made a part of, the transcript. One of these entries shows that the special demurrer was overruled without exceptions being saved to such ruling. Docket notations cannot be used to supply a deficiency in the record. *City of Monticello* v. *Kimbro*, 206 Ark. 503, 171 S. W. 2d 152. Appellant then filed an answer denying generally the allegations of the complaint.

The insuring clause of both policies insures appellee, "against (1) death, dismemberment, loss of sight or time, dislocations and fractures resulting within thirty days from the date of accident, directly and independently of all other causes, through external, violent and accidental causes, herein referred to as 'such injury,' . . . subject, however, to all the terms, provisions and limitations herein contained."

Other provisions of the first policy No. HA-20860 material to the issues read: "Part A. The Company will pay the respective following amounts, providing such specific loss occurs as described hereunder in Part A and also as described in the 'Insuring Clause':

| | |
|---|---|
| Loss of Life | $1,000.00 |
| Loss of Both Feet | 1,000.00 |
| Loss of Both Hands | 1,000.00 |
| Loss of Both Eyes | 1,000.00 |
| Loss of One Arm and One Leg | 1,000.00 |
| Loss of One Arm and the Sight of One Eye | 1,000.00 |
| Loss of One Leg and the Sight of One Eye | 1,000.00 |

| | |
|---|---|
| Loss of One Arm | 500.00 |
| Loss of One Leg | 500.00 |
| Loss of One Foot | 500.00 |
| Loss of One Hand | 500.00 |
| Loss of One Eye | 500.00 |

1. If such injury is sustained while the Insured is a passenger on any railroad passenger train on which the Insured is traveling as a fare-paying passenger in a place provided exclusively for the use of passengers.

2. If such injury is sustained while the Insured is a passenger on any steamship in or on which the Insured is traveling as a fare-paying passenger in or on a place provided exclusively for the use of passengers.

3. If such injury is sustained while the Insured is a passenger on any street railway passenger car, elevated or subway passenger car, then in passenger service in which the Insured is traveling as a fare-paying passenger in a place provided exclusively for the use of passengers. . . .

"Part D  *ALL OTHER ACCIDENTS.* . . . 2. If the Insured shall in consequence of such injury caused by any accident not otherwise covered by this policy, and not otherwise excluded under any provision, be immediately, wholly and continuously disabled by such injury from attending to any and every kind of work or business, the Company will pay indemnity at the rate of Five ($5.00) Dollars per week the first two weeks and at the rate of Seven ($7.00) Dollars per week beginning with the fifteenth day of such disability but not to exceed a combined total of ten consecutive weeks. . . .

"Part E  If the Insured shall be immediately, wholly and continuously disabled due to such injury under the conditions as set forth in Part A, not incurring any of the specific losses or any of the dislocations or fractures set forth in Part C and be prevented by such injury from performing any and every duty pertaining to any occupation, the Company will pay in lieu of all other indemnity under this policy at the rate of Twenty ($20.00) Dollars per week, not exceeding twenty-six con-

secutive weeks." Another provision of the policy contained an exception excluding liability for death or disability resulting from hernia. .

The second policy, No. HA-30714, contains the same provisions as above recited with two exceptions: (1) Payments under Part D 2 arc at the rate of $10.00 per week for the first two weeks and $15.00 per week for the next thirteen weeks; and (2) Benefits under Part E are at the rate of $30.00 per week.

There is no merit in appellant's contention that recovery should be denied because appellee was the holder of policies with three other companies at the time of the accident. Appellant was informed of such insurance in appellee's application for the two policies here involved, which provide that the insurance therein shall not be affected by any other insurance held with any other company.

Appellant also relies on the fact that appellee became disabled as a result of hernia produced by the accident. A subordinate provision of the policy excludes liability for death or disability resulting from hernia and numerous other enumerated diseases, ailments and conditions. Appellant's answer to the complaint contained a general denial and the exception clause as to hernia was not pleaded as an affirmative defense. Justice KNOX, speaking for the court on this point in *Southern National Ins. Co.* v. *Pillow,* 206 Ark. 769, 177 S. W. 2d 763, said: "As a general rule limitation of liability and loss from an excepted cause arc matters which must be specifically pleaded by the insurer as an affirmative defense, if he would limit or defeat recovery because of such provision of the policy. 29 Am. Jur. 1069; *Mechanics' Ins. Co.* v. *C. A. Hoover Distilling Co.,* (C.C.A. 8th) 182 F. 590, 31 L. R. A., N. S., 873. This court in the case of *Missouri State Life Ins. Co.* v. *Barron,* 186 Ark. 46, 52 S. W. 2d 733, applied this rule and held that failure of the insurer to plead that a contributing cause of death fell within the provisions of the policy exempting insurer from liability therefor, constituted a waiver of such exception as a defense. So here failure of appellant to plead that its

liability was limited to a return of the premium paid because insured's death resulted directly or indirectly from pneumonia, amounted to a waiver of such defense.'' See, also, 46 C. J. S., Insurance, § 1295. Appellant's failure to plead the exception as to hernia as an affirmative defense amounted to a waiver of such defense. It is, therefore, unnecessary to determine whether appellant would be relieved of liability even if the clause had been properly pleaded. See Appleman, Insurance Law and Practice, § 443.

The trial court held appellant liable under Part E which provides benefits for disability due to injury under the conditions set forth in Part A, that is, if the accidental injury is sustained while insured is a passenger on one of the modes of conveyance specified. It is undisputed that appellee's injury occurred while traveling on a motor bus and not on one of the types of conveyance designated in Part A. A policy which provides indemnity for accidents occurring while insured is traveling as a passenger in a certain type conveyance includes only accidents received while traveling in the kind of conveyance designated. *Rhodes* v. *U. S. Casualty Co.*, 172 Ark. 344, 288 S. W. 883; 45 C. J. S., Insurance, § 762.

It is true that prior to institution of this suit appellant rejected appellee's claim of disability on the exclusive ground that hernia was an excepted risk, and this exception clause was not specifically pleaded. If Part A, when considered in connection with Part E, merely dealt with a ground of forfeiture, appellant might be held to have waived such forfeiture under the rule that where an insurer denies liability for a loss on one ground, at the time having knowledge of another ground of forfeiture, it cannot thereafter insist on such other ground if the insured has acted on its asserted position and incurred prejudice or expense by bringing suit, or otherwise. 29 Am. Jur., Insurance, § 871. But Part A, as related to Part E, sets forth the scope or coverage of the policy and not merely a condition, the breach of which may be a ground of forfeiture. The rule is that, while a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be invoked to ex-

tend the coverage and thereby bring into existence a contract not made by the parties. *Miller* v. *Ill. Bankers Life Ass'n,* 138 Ark. 442, 212 S. W. 310; *Hartford Fire Ins. Co.* v. *Smith,* 200 Ark. 508, 39 S. W. 2d 411; 45 C. J. S. Insurance, § 674 a. Cases pointing out this well recognized distinction are collected in an annotation in 113 A. L. R. 857. We, therefore, conclude that appellee was not entitled to disability benefits under Part E of the policies.

However, we do hold that appellee is entitled to indemnity under Part D 2, *supra.* This clause is boldly headed: *"ALL OTHER ACCIDENTS."* The language of the clause is somewhat ambiguous and is, therefore, to be given a liberal construction in favor of the insured. Since appellant is precluded from relying on the exception as to hernia, appellee's injury and disability were caused by an "accident not otherwise covered" by the policies. While there is some dispute as to the length of time of appellee's disability, the greater weight of the evidence supports the conclusion that he was totally disabled within the meaning of the policies for at least 15 weeks. Under this clause appellee is entitled to judgment for $281 less a 25% reduction on account of his age as provided in another clause which appellee conceded at the trial to be applicable.

The decree is accordingly modified by reducing the judgment in appellee's favor to $210.75. As so modified, the decree is affirmed. The costs in this court will be divided equally between the parties.