PARKER *v.* TURNER.

4-9468                                     242 S. W. 2d 148

Opinion delivered June 25, 1951.

Rehearing denied October 8, 1951.

*F. D. Majors,* for appellant.

*Caviness & George, Hays, Williams & Gardner* and *J. M. Smallwood,* for appellee.

GEORGE ROSE SMITH, J. This is a suit brought by the appellant, Parker Parker, to recover damages for the wrongful cutting of timber on a forty-acre tract situated on a mountain in Yell county. By his pleadings and proof the plaintiff charged that one of the defendants, J. R. Turner, having no authority to sell Parker's timber, wrongfully executed a deed purporting to convey this timber to another defendant, C. J. Robinson. Robinson went upon the land, cut the timber, and sold it to the other defendants, a firm known as Nebo Lumber Company.

All the defendants interposed pleas of *res judicata,* asserting that Parker had previously sued Turner, Robinson, and Nobe Buckman for the same conversion, and that a consent judgment for the plaintiff had been entered in the earlier case. The circuit court sustained the pleas, finding (*a*) that the prior judgment was *res judicata* as to Turner and Robinson, and (*b*) that since the lumber company's liability depended upon the culpability of Turner and Robinson, who were the immediate actors in the tortious conduct, the release of Turner and Robinson operated to release the lumber company as well. In reaching the latter conclusion the trial court relied upon *Portland Gold Min. Co.* v. *Stratton's Independence, Ltd.,* 158 Fed. 63, 16 L. R. A., N. S. 677, and *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 9 N. E. 2d 758, 112 A. L. R. 401. The complaint was accordingly dismissed without a hearing on the merits.

The decisive issue is whether there was one trespass or two. Of course, if there was only one tort Parker can-

not split his cause of action into two lawsuits. *Ozan Lbr. Co.* v. *Tidwell,* 213 Ark. 751, 212 S. W. 2d 349. But the rule is different if there were two distinct trespasses. "Separate torts give rise to separate causes of action, and each cause remains unaffected by a judgment for any other tort subsequent or antecedent. One against whom or against whose property distinct and separate tortious acts have been committed has a cause of action for each; and a recovery for one does not bar a recovery for another, whether committed before or after the commencement of the action in which the recovery was had. . . . Successive suits may be maintained for distinct trespasses." Freeman on Judgments (5th Ed.), § 588. An example is given in the Restatement of Judgments, § 61: "If on two separate occasions the defendant beat the plaintiff, and the plaintiff brings an action for one of the batteries, the judgment in that action, whether for the plaintiff or for the defendant, does not preclude the plaintiff from subsequently maintaining an action for the other battery."

In this case we think there were two distinct torts. The forty-acre tract consists of two contiguous twenties, one on top of the mountain and the other on the slope. In October, 1947, Turner executed a timber deed purporting to give Robinson six months in which to remove the timber from the entire forty acres. During October and November, acting under that deed, Robinson removed the timber from the upper twenty acres, hauled it to his mill, and later sold the rough lumber to Nebo Lumber Company. There was no further activity until the following July—about seven months later. In that month Buckman set up a portable sawmill on the lower twenty acres, cut the timber, and sawed it into rough lumber on the spot. It is not shown what part Turner and Robinson played in the second conversion, except that they were joined as defendants in the original suit against Buckman. That complaint, directed primarily against Buckman, contained only this allegation as to Turner and Robinson: "J. R. Turner and C. J. Robinson are involved in the unlawful trespass of Nobe Buckman, the facts of which are well known to Nobe Buckman, and said parties should

be made party defendants." The consent judgment in that case was against all three defendants.

These facts prove two trespasses rather than a single continuing trespass. Robinson cut the timber from the upper twenty in October and November, while Buckman cut the timber from the lower twenty some seven months later. Robinson acted under Turner's timber deed, but that deed had expired when Buckman entered the land. Robinson hauled the logs to his own mill, but Buckman used a portable sawmill to saw the logs on the land. Robinson sold the lumber to the lumber company, which is alleged to have been a party to a conspiracy to convert Parker's timber, while Buckman is not shown to have been in privity with the lumber company. In these circumstances the Robinson trespass was distinct from the Buckman trespass, and separate suits may be maintained. It thus becomes unnecessary for us to consider the additional issues discussed in the circuit judge's opinion.

Reversed and remanded.

McFADDIN, J., not participating.