Pᴉɴɴᴀᴄʟᴇ Oʟᴅ Lɪɴᴇ Iɴsᴜʀᴀɴᴄᴇ Co. *v.* Eʟʟɪs.

5-1419                                        307 S. W. 2d 882

Opinion delivered December 23, 1957.

*Talley & Owen* and *William L. Blair,* for appellant.

*G. P. Houston,* for appellee.

Gᴇᴏʀɢᴇ Rᴏsᴇ Sᴍɪᴛʜ, J.   This is an action upon a health and accident insurance policy issued by the appellant to V. E. Ellis and three members of his family. While the policy was in force Mrs. Ellis was confined to a hospital and underwent a combined hysterectomy and appendectomy.   Upon the insurer's refusal to pay the claim the Ellises sued for hospital and medical expenses amounting to $520.   Judgment in their favor was entered upon a jury verdict for $333.96.   The defendant later asked the court to reduce the judgment to $212, which was asserted to be the insurer's maximum liability under the policy for the several items enumerated in the complaint.   This appeal is from the original judgment and from the court's refusal to grant the requested reduction.

On the basic issue of liability the appellant contends that the claim is not within the coverage of the policy. The defendant offered in evidence the original application for the insurance, which shows that Mrs. Ellis stated that she suffered from "female trouble" and waived any liability on the part of the insurer for that ailment. It is argued that according to the proof, the hysterectomy was the sole cause for Mrs. Ellis's hospitalization and falls within the waiver of coverage contained in the application.

On this issue the appellant's position is fatally defective in two particulars. First, the contract expressly covers the operation in question and further provides: "This policy, including the endorsements and the attached papers, if any, constitute the entire contract of insurance." To prove the affirmative defense of waiver it was necessary for the insurer to show that a copy of the application was attached to the policy and become part of the contract. There is no clear-cut proof in the record that the application was in fact incorporated in the policy. The insurer, without requesting a directed verdict, obtained an instruction by which this question of fact was submitted to the jury. In these circumstances it cannot now be contended that the verdict on this issue was erroneous. *Berman* v. *Shelby,* 93 Ark. 472, 125 S. W. 124; *Western Union Tel. Co.* v. *Cowardin,* 113 Ark. 160, 168 S. W. 1133. Secondly, the notice of appeal was filed on January 22 and refers to the original judgment as having been rendered on December 22. The judgment itself is dated December 19 and does not show when it was entered of record. Even if the judgment was entered on December 22, as the notice of appeal indicates, the notice was not filed until the thirty-first day thereafter, which is too late for this jurisdictional step to be taken. Ark. Stats. 1947, § 27-2106.1; *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40. It should be observed that the thirtieth day did not fall on Sunday, as was true in *White* v. *Avery,* 226 Ark. 951, 295 S. W. 2d 364.

The trial court was correct in denying the motion to reduce the amount of the judgment. The policy limi-

tations relied upon are not set forth in the main insuring clause, which provides in general terms for protection against loss caused by hospital, surgical, and other specified expenses. The restrictions upon the insurer's liability are contained in a subsequent schedule and constitute exceptions that must be pleaded affirmatively. *Stucker* v. *Hartford Acc. & Ind. Co.,* 220 Ark. 475, 248 S. W. 2d 383. These defenses were not mentioned in any way until after the verdict. As we said in a similar situation in *Greenwich Ins. Co.* v. *State,* 74 Ark. 72, 84 S. W. 1025: "If the appellant is right in its contention, then it had a defense, *pro tanto,* to the suit, and a failure to plead it waived it. This court has frequently decided that when a battery is masked in the trial court, it cannot be opened in this court."

Affirmed