Hankins *v.* Dooley.

5-1613                                    314 S. W. 2d 691

Opinion delivered July 1, 1958.

*Mann & McCulloch,* for appellant.

*E. J. Butler; Davis & Davis, Memphis, Tenn.,* for appellee.

Carleton Harris, Chief Justice. W. N. Dooley and Ernestine G. Dooley instituted suit against A. F. Hankins, alleging personal injuries and property damage as a result of a collision between an automobile driven by Mr. Dooley and one driven by Mr. Hankins. Mrs. Dooley was a passenger in the front seat with her husband. The complaint alleged that Hankins was guilty of various acts of negligence, which Hankins, in his answer, denied, appellant further alleging contributory negligence on the part of appellees.

The cause proceeded to trial, and at the conclusion of the evidence, was submitted to the jury on the court's instructions and special interrogatories. There were no objections by any party to the instructions, and all instructions requested by the litigants were given. The jury returned its verdict, finding that Ernestine G. Dooley had suffered damages in the amount of $4,800; W. N. Dooley had not suffered any damage; Hankins

was negligent, and appellees were negligent. The jury divided the negligence of the parties as 50 per cent to Hankins and 50 per cent to appellees. Under this verdict, Mrs. Dooley would have been entitled to judgment from Hankins in the amount of $2,400. Appellees filed a motion for judgment *non obstante veredicto,* asking the trial court to render judgment for the full amount of damages suffered by Mrs. Dooley, and also for damages suffered by Mr. Dooley.[1] The motion alleged that there was no evidence to support a finding of negligence on the part of Mrs. Dooley. The court, in compliance with the motion rendered judgment *non obstante veredicto* for Mrs. Dooley in the amount of $4,800, and from such judgment, Hankins brings this appeal,[2] asserting such action on the part of the trial court was erroneous, and that judgment should have been rendered on the verdict of the jury.

Appellant argues that the trial court's action was erroneous for three different reasons, any one of which would require a reversal, if the arguments be sound. Since we are of the opinion that the third contention is controlling, we find it unnecessary to enter into a discussion of the first two contentions. As the third ground for reversal, Hankins states:

"The appellees waived any right to contest the verdict because of failure to object seasonally to the instructions and interrogatories."

The court gave thirteen instructions at the request of appellees, four instructions at the request of appellant, one written instruction upon its own motion, together with oral instructions, and further submitted four special interrogatories relating to the negligence of the parties, and whether damages were suffered by appellees. The interrogatories, together with the answer of the jury, are as follows:

---

[1] The court overruled the motion as to Mr. Dooley.

[2] The appeal does not question the validity of the finding by the jury of negligence on the part of Hankins, nor does it question the validity of the finding as to the amount of damages.

"Interrogatory No. 1.

Do you find from a preponderance of the evidence in this case that the Defendant, A. F. Hankins, was guilty of negligence and that such negligence, if any contributed to cause, or caused, the injuries complained of by plaintiffs?

Answer . . . Yes . . .

Interrogatory No. 2.

If you have answered Interrogatory No. 1. "Yes", you will answer Interrogatory No. 2.

Do you find from a preponderance of the evidence that the Plaintiffs, W. N. Dooley and Ernestine G. Dooley, suffered damages, and, if so, what do you find the total amount of damages to each of them to be?

Answer . . . Yes . . .
$ (0) . . . (Amount — W. N. Dooley)
$4,800 . . . (Amount — Ernestine G. Dooley)

Interrogatory No. 3.

If you have answered Interrogatories Nos. 1. and 2. "Yes", you will answer Interrogatory No. 3.

Do you find from a preponderance of the evidence that the Plaintiff, W. N. Dooley, was guilty of contributory negligence which contributed to cause the damages complained of?

Answer . . . Yes . . .

Interrogatory No. 4.

If your answer to Interrogatory No. 3. is "Yes", you will answer Interrogatory No. 4.

What percent do you find from a preponderance of the evidence the contributory negligence of Plaintiffs, W. N. Dooley and Ernestine G. Dooley, contributed to cause the damages complained of by the Plaintiffs, using one hundred per cent (100%) to represent the total negligence involved?

Answer: Plaintiffs . . . 50 per cent . . . Defendant . . . 50 per cent . . ."

Appellees point out that the jury did not make a specific finding of negligence on the part of Mrs. Dooley, and contend that the inclusion of Mrs. Dooley's name in Interrogatory No. 4 was an unintentional error by the court. It may well be that this contention is correct; still, the answer to Interrogatory No. 4 includes both appellees, for the question to be answered included both. Appellees stoutly contend that there is not one iota of evidence in the record to support a finding of negligence on the part of Mrs. Dooley. Even though we should agree, the judgment cannot be upheld. If appellees were of this opinion, they should have requested a peremptory instruction to the effect that she was free of negligence. This was not done. To the contrary, appellees themselves offered two instructions dealing with the question of negligence on the part of Mrs. Dooley,[3] and there was no objection to the interrogatories submitted by the court to the jury. When appellees permitted the issue of negligence on the part of Mrs. Dooley to be submitted, it was thereafter too late to make objection. In *Western Union Telegraph Co. v. Cowardin,* 113 Ark. 160, 168 S. W. 1133, this Court said:

"The court, at the request of appellant, granted prayers for instructions which told the jury that if the earlier receipt of appellee's request to embalm and hold the body would not have prevented the funeral from taking place when it did, and if the failure to embalm and hold the body was the result of William's misun-

---

[3] "Plaintiff's Instruction No. 2. It is your duty to try the facts, and the following issues are for your determination: * * * c. The proportion of negligence, if any, expressed in percentage, attributable to the plaintiff, Ernestine G. Dooley, on the one hand, and to the defendant, A. F. Hankins, on the other? Plaintiff's Instruction No. 7. Negligence, if any, on the part of W. N. Dooley as the driver of the vehicle in which the plaintiff Mrs. Ernestine G. Dooley was riding, can not in any degree be imputed to her, unless you find that the said Ernestine G. Dooley failed to exercise reasonable and ordinary care for her own safety, or unless you find that Ernestine G. Dooley and W. N. Dooley, her husband, were engaged at the time in a joint enterprise."

derstanding of appellee's wish, expressed in her telegram, the jury should find for the appellant.

Appellant now contends that the evidence shows conclusively that the failure to embalm the body was not by reason of the late receipt of the message, * * *. The appellant, having requested the lower court to submit this as a jury question, is not in an attitude to complain that the verdict of the jury was erroneous on this issue.''

Likewise, as recently as December 23, 1957, in *Pinnacle Old Line Insurance Company* v. *Ellis*, 228 Ark. 458, 307 S. W. 2d 882, we said:

''The insurer, without requesting a directed verdict, obtained an instruction by which this question of fact was submitted to the jury. In these circumstances it cannot now be contended that the verdict on this issue was erroneous.''

So, if the instructions were erroneously submitted, the error was invited; if Interrogatory No. 4 was improper, objection should have been made.[4] Appellees cannot now be heard to complain.

The judgment is therefore reversed, and the cause is remanded to the Circuit Court with instructions to render judgment in accordance with the verdict of the jury. While appellant, at all times, has indicated his willingness to pay the $2,400 judgment, the record does not reflect that such amount has ever actually been tendered. Accordingly, appellee, Ernestine G. Dooley, is entitled to the legal rate of interest from the date of the judgment (October 29, 1957) until paid. All costs shall be borne by appellees.

---

[4] Of course, since the issue of Mrs. Dooley's negligence was submitted to the jury, interrogatories inquiring as to such negligence were entirely in order.