Lawrence *v.* Providential Life Ins. Co.

5-3422                                      385 S. W. 2d 936

Opinion delivered January 25, 1965.

Douglas Bradley, for appellant.

Barrett, Wheatley, Smith & Deacon, for appellee.

Sam Robinson, Associate Justice. The question on appeal is whether, under the terms of a policy of accident insurance, the assured is entitled to recovery for medical expenses he sustained by reason of an injury to his son, who was insured under the policy. The specific issue is whether the nature of the injury and resulting expenses were excluded under the provisions of the policy.

The appellee, Providential Life Insurance Company, writes a type of accident insurance called "The Providential School Plan." Among other things, this insurance provides indemnity to the extent of $5,000 for medical expenses for "teachers, students, and non-teaching personnel." Parents of students were solicited to purchase the policy to protect themselves against medical

expenses they might incur by reason of injury to their children. The solicitation of parents was made by the insurance company distributing to the school children, to take home, a pamphlet advertising the policy. The pamphlet explained the benefits provided by the policy, those things not covered by the policy and the amount of premium. The pamphlet also contained a pocket on one side where currency or a check could be inserted by the parents in payment of the premium in the event they decided to take the insurance. The pamphlet could then be sent to the insurance company and it became the application of the sender asking that the applicant's child or children be included in a master policy to be issued to the school attended by the children. In this instance the policy was issued to the Brookland Public School District, Brookland, Arkansas.

The printed matter in the application appears to be complete in giving full information about what is not covered by the policy. At least the application shows on its face what the applicant understood was not covered by the policy. The application states:

"THIS INSURANCE DOES NOT COVER . . . . Dental expenses of any kind except those resulting from accidental injury to whole, sound natural teeth, eyeglasses, contact lenses or prescriptions therefor; intentionally self-inflicted injuries, injury for which benefits are payable under any Workmen's Compensation Act or Law; an act of war whether such war be declared or undeclared; any form of sickness, disease or infection except pyogenic infections incurred through an accidental cut or wound; services rendered by members of the insured's immediate family or as a part of the school duties by a physician retained by the school system. Expense for physiotherapy, diathermy, heat treatment in any form, anti-biotic therapy, manipulation or massage will be payable only when such treatment is performed in hospital to a resident bed patient."

The policy as issued, in addition to the foregoing exclusions named in the application, excluded from coverage, among other things, fighting and "any aggravation

of a pre-existing condition." Neither of these exclusions were mentioned in the application made on a printed form prepared by the insurance company. Thus, it will be seen that the 'exclusion provision of the policy is broader than the exclusion provision of the application.

The policy, when issued, was sent to the Brookland School. A copy was not sent to the applicant, the parent. It is not shown that the insurance company had any reason to believe that the parents of the children named in the policy would ever see the policy.

Appellant, Eugene E. Lawrence, father of David Lawrence, sent in an application in the aforesaid manner naming his children, including David, to 'be insured. David is afflicted with hemophilia. Some time afer the delivery of the policy, David received a cut to the inside of a lip while fighting with another boy. Due to the fact that he was afflicted with hemophilia, the cut did not stop bleeding for a long time. It was necessary to send him to a hospital in Memphis. The hospital and doctor bills finally amounted to $2,454.15. A claim was made against the insurance company; payment was refused on the ground that the policy did not cover an injury due to fighting and that it did not cover an aggravation of a pre-existing condition of hemophilia.

The cause was submitted to the court sitting as a jury on a stipulation of facts. The court rendered a judgment in favor of the insurance company. The assured has appealed.

If the exclusions named in the policy are controlling, the assured cannot recover. On the other hand, if the statement in the application setting out the things not covered by the policy is to prevail, injuries due to fighting or an aggravation of a pre-existing condition are not excluded. One of the contentions of the insurance company is that the exclusions listed in the pamphlet should not prevail because there is a notation thereon that the pamphlet is not a policy. Of course the pamphlet is not a policy, but it did become an application.

At this point it might be well to mention that the policy provides that any form of disease or sickness is not covered by the policy. Although hemophilia may be designated as a disease, the assured is not precluded from recovering on that ground because this court has held many times that the aggravation of a per-existing dormant condition is not a valid defense in a suit on an accident policy. *Fidelity & Casualty Co.* v. *Meyer,* 106 Ark. 91, 152 S. W. 995; *Missouri State Life Ins. Co.* v. *Barron,* 186 Ark. 46, 52 S. W. 2d 733; *Metropolitan Casualty Ins. Co. of N.Y.* v. *Fairchild,* 215 Ark. 416, 220 S. W. 2d 803. See also *Clay County Cotton Co.* v. *Home Life Ins. Co.,* 113 F. 2d 856.

We now reach the question of which should prevail —those things listed in the application as not being covered by the insurance or those things listed in the policy as not covered. In the case of *Woodmen of the World Life Ins. Society* v. *Counts,* 221 Ark. 143, 252 S. W. 2d 390, Counts applied for a policy providing double indemnity for accidental death. The policy, as issued, did not contain the double indemnity feature. The insured was accidentally killed. This court held that the insurance company was liable for double indemnity; that it was the duty of the insurance company to write the type of insurance named in the application, or to issue no policy. There, the court quoted with approval from *Robinson* v. *U. S. Ben. Soc.,* 132 Mich. 695, 94 N. W. 211; "The duty of the defendant was to issue the policy in compliance with the terms of the application. If it chose to insert inconsistent provisions, it was it's duty to call the attention of the insured to them, so that he might accept or refuse the policy. The insured has the right to assume that his policy will be in accordance with the terms of his application, and he cannot be bound by a different policy, until he has had the opportunity to ratify or waive the inconsistent provisions."

In the case at bar, the application, the form of which was prepared by the insurance company, clearly states those things not covered by the policy. The insurance

company had no right to add other exclusions to the policy without the approval of the applicant.

Appellee suggests that although the stipulation shows 'that the insured was injured in a fight, there is no showing that he received an accidental injury within the meaning of the policy. The complaint alleges that the insured was accidentally injured. It is stipulated that he was injured in a fight with a fellow student. The inference is that the injury was accidental. There is no showing that the insured was the aggressor or that he was not acting in self defense. In *Maloney* v. *Maryland Casualty Co.,* 113 Ark. 174, 167 S. W. 845, the court said: ''If an injury occurs without the agency of the insured, it may be logically termed 'accidental', even though it may be brought about designedly by another person.''

There is no dispute about the amount involved, which is $2,454.15. Since it has been decided that the appellant is entitled to recover, it necessarily follows that he is entitled to 12 per cent penalty on the amount sued for and a reasonable attorney's fee. In the circumstances, we believe a $1,000.00 fee would be appropriate.

Reversed.