PROVIDENTIAL LIFE INS. Co. *v.* CLEM

5-3908                                                     403 S. W. 2d 68

Opinion delivered May 23, 1966

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Lohnes T. Tiner,* for appellee.

PAUL WARD, Justice. The Providential Life Insurance Co., appellant herein, issued a group policy (called "The Providential School Plan") to the public schools of Harrisburg. The plan purported to pay the sum of $1,500, under specified contingencies, upon the death of a student.

This is a suit by Mr. and Mrs. Erby Clem, appellees herein, to collect for the death of their son David, a student in the Harrisburg High School, who was killed in an automobile accident while he and his teammates were on their way to Jonesboro to compete in a track meet.

The pertinent facts, which are not disputed, are now set out. (a) Appellant caused to be circulated a pamphlet

or "application" to the students which states, in effect, the policy covers anyone who is killed while traveling "to and from home and school sponsored activities provided such travel is adult supervised." (b) The application was taken by David to his parents who paid for the protection without ever seeing the policy. (c) The policy contains the following provision:

"In the event that such travel is performed by more than one motor vehicle, direct and immediate supervision shall mean in addition to the above, that at least one parent or adult school employee must be physically present in such motor vehicle; . . . "

(d) When David was killed he was riding in the second of four cars which carried the team. In this car there was no parent of David or any "adult school employee". However the trip to Jonesboro was supervised by the school officials, and two adult officials were in the fourth car.

Appellees filed this suit alleging David was killed while the policy was in full force and effect, and asking judgment for $1,500, interest, penalty, and attorney's fee. Appellant filed an answer denying it owed any amount under the terms of the policy. At the close of all the testimony the trial court, over appellant's objections, instructed a verdict in favor of appellees, hence this appeal.

It is our conclusion that the trial court was correct. Under *Lawrence v. Providential Life Insurance Co.,* 238 Ark. 981, 385 S. W. 2d 936 appellees had a right to rely on the wording contained in the pamphlet or application referred to previously. In that case we said:

" . . . the application, the form of which was prepared by the insurance company, clearly states those things not covered by the policy. The insurance company had no right to add other exclusions to the policy without the approval of the applicant".

In view of what we have just said, the only remaining issue or question presented to the trial court was whether the trip to Jonesboro was "adult supervised". All of the testimony shows it was so supervised. The superintendent of the Harrisburg Schools said it was supervised, pointing out that the track coach, Eddie Romeo (an adult) was in charge of the team and the trip, and that he was assisted by another adult, both of whom went along with the boys. None of this is denied or questioned by appellant. Webster defines the word "supervise" to oversee, to superintend, to exercise supervision. Under the facts and circumstances of this case as heretofore set out, we think it would be unreasonable, and unjust to appellees, to allow a jury to speculate on whether the team trip was supervised by an adult. The trial court was correct in directing a verdict for appellees.

The judgment is affirmed.

McFADDIN, J., concurs.

ED F. McFADDIN, Justice, concurring. I concur in the result reached by the Majority, but I arrive at such result by a process of reasoning different from that set forth in the Majority Opinion: hence this Concurring Opinion.

The pamphlet which the insurance company caused to be circulated to the appellees herein contained this language: "This policy covers: . . . travel: . . . 2. to and from home and school sponsored activities, *providing such travel is adult supervised.*" (Emphasis my own.) The fact that the policy specified a more detailed kind of adult supervision cannot be seized on by the insurance company as a defense against the coverage of the policy since the pamphlet governs, and not the "fine print" in the policy. See *Lawrence v. Providential Life Ins. Co.,* 238 Ark. 981, 385 S. W. 2d 936.

The insurance company insists, however, that, even

under the adult supervision language in the pamphlet, the case should have been submitted to the jury to decide whether the kind of adult supervision shown in the evidence here was sufficient to comply with the adult supervision provision in the pamphlet. I would agree with such insistence by the insurance company, except for the fact that the insurance company in the case at bar filed only a general denial. In *Childs* v. *Mann,* 240 Ark. 527, 400 S. W. 2d 667, we had occasion to discuss what evidence could be shown by a defendant who filed only a general denial, and that holding is applicable here.

According to the pamphlet the policy covered travel to and from home and school sponsored activities. The additional language, ''provided such travel is adult supervised,'' was and is an exception to the general coverage, and if the insurance company desired to defend in this case because of the absence of adult supervision, that exception to the coverage should have been specifically pleaded. *Mo. State Life Ins. Co.* v. *Barron,* 186 Ark. 46, 52 S. W. 2d 733; *So. Nat. Ins. Co.* v. *Pillow,* 206 Ark. 769, 177 S. W. 2d 763; *Bankers Nat. Ins. Co.* v. *Hemby,* 217 Ark. 749, 233 S. W. 2d 637; and *Pinnacle Old Line Ins. Co. v. Ellis,* 228 Ark. 458, 307 S. W. 2d 882. The general denial did not allow the insurance company to defend on the absence of adult supervision, so there was no issue to submit to the jury on the matter of adult supervision.

The insurance company says that when the evidence of adult supervision was admitted without objection, such constituted an amendment of the pleadings to conform to the evidence, and cites *Parker* v. *Jones,* 221 Ark. 378, 253 S. W. 2d 342; and *Antrim* v. *McElroy,* 229 Ark. 870, 319 S. W. 2d 209. But the answer to the insurance company's argument on this point is found in the fact that the Trial Court did not permit the pleadings to be amended to conform to the evidence. Rather, the Trial Court, in giving an instructed verdict for the plaintiff, struck out the improper evidence, as the Court had a right to do.

926

I therefore concur in the result reached by the Majority.